HAZEL MAE B. PANGAN (SBN: 272657)
hpangan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7479
Facsimile: (619) 696-7124

Attorneys for Defendant
THE CALIFORNIA ENDOWMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A TRADITION OF VIOLENCE, LLC, a California limited liability company; and BEN CAMACHO ENTERPRISES LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>GROUND GAME LA, a California nonprofit corporation; PEOPLE ORGANIZED FOR WESTSIDE RENEWAL, a California nonprofit corporation, THE CALIFORNIA ENDOWMENT, a California nonprofit corporation; LIBERTY HILL FOUNDATION, a California nonprofit corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-3795-MRA-JDEx<br><br>**DEFENDANT THE CALIFORNIA ENDOWMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Judge: Hon. Mónica Ramírez Almadani<br>Date: July 21, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B |

**TO COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 21, 2025 at 1:30 p.m., or as soon thereafter as this matter may be heard, in the Courtroom 9B of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building ad U.S. Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, Defendant The California Endowment will and hereby does move the Court for an Order dismissing the Complaint in its entirety as to The California Endowment pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Motion is made on the grounds that the Complaint fails to state any claim for secondary copyright infringement liability against The California Endowment upon which relief can be granted. As a grantmaking 501(c)(3) nonprofit private foundation, The California Endowment did not itself publicize, copy, distribute, or profit from the works at issue, nor did it have the requisite knowledge of or control over the alleged infringing acts undertaken by independent grantees. Plaintiffs' conclusory allegations that The California Endowment provided funding and had general oversight as a grantor are insufficient to establish contributory or vicarious liability under established Ninth Circuit precedent.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other evidence or argument as may be presented prior to or at the hearing.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Compliance with Local Rule 7-3:**

This motion is made following a conference of the parties pursuant to L.R. 7-3 which took place by phone on May 28, 2025. The parties were unable to reach agreement regarding this Motion.

Dated: June 4, 2025

Respectfully submitted,
GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Hazel Mae B. Pangan*
   Hazel Mae B. Pangan
   *Attorneys for Defendant*
   The California Endowment

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................2

III. LEGAL STANDARD ...........................................................................................3

IV. ARGUMENT .........................................................................................................4

    A. Plaintiffs Fail to State a Claim Against TCE for Contributory Copyright Infringement. ..................................................................4

    B. Plaintiffs Fail to State a Claim Against TCE for Vicarious Copyright Infringement. ..................................................................6

V. CONCLUSION ......................................................................................................8

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-i-

DEFENDANT THE CALIFORNIA ENDOWMENT'S
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPA

2:25-cv-3795-MRA-JDEx

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster*,
  239 F.3d 1004 (9th Cir. 2001) ................................................................. 5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (U.S. 2007) ................................................................................ 3

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ............................................................................ 4

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017) ........................................................................ 4

*Ellison v. Robertson*,
  357 F.3d 1072 (9th Cir. 2004) ........................................................................ 4

*Fonovisa v. Cherry Auction, Inc.*,
  76 F.3d 259 (9th Cir. 1996) ............................................................................ 7

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ........................................................................ 3

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) ........................................................... 1, 4, 5, 6

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ......................................................... 1, 5, 6, 7

**Rules**

Fed. R. Civ. P. § 12(b)(6) ..................................................................................... 1, 3

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek to stretch copyright law beyond its limits. They have sued The California Endowment ("TCE")—a charitable foundation—for allegedly infringing their works, not because TCE copied or distributed anything, but because it awarded a grants to the nonprofit advocacy organization People Organized for Westside Renewal that purportedly continued to display Plaintiffs' freelance journalism after a professional split. TCE is not alleged to have operated any website, authored any content, or directly engaged in the challenged conduct. Rather, Plaintiffs admit that the allegedly infringing publications were made by others, and that TCE's role was limited to awarding grant funding in furtherance of its philanthropic mission. These allegations fall far short of stating a plausible claim for contributory or vicarious copyright infringement.

Even taking the Complaint's factual allegations as true, TCE's conduct—making grants to independent organizations in furtherance of its philanthropic mission—does not itself infringe any copyrights, nor does it meet the stringent requirements for contributory or vicarious infringement liability. The Ninth Circuit has repeatedly refused to impose copyright liability on funders and financial institutions that did not themselves engage in the infringing act and lacked direct control over, and a direct financial interest in, another's infringement. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1031–34 (9th Cir. 2013); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795–803 (9th Cir. 2007). Plaintiffs' theory that a charitable foundation can be liable for the infringing content of its grantee finds no support in law and would, if accepted, chill the funding of nonprofits. The Complaint's claims for contributory and vicarious infringement against TCE should therefore be dismissed under Rule 12(b)(6).

/ / /

-1-

## II.     FACTUAL BACKGROUND

According to the Complaint, Plaintiffs' principals, Cerise Castle and Ben Camacho, are freelance journalists who worked as independent contractors for Knock LA, an online publication operated by Defendant Ground Game LA ("GGLA"). *See* Compl. ¶¶ 16–17, 20. GGLA is a Los Angeles-based nonprofit advocacy organization that created Knock LA to serve as a journalistic platform "dedicated to uplifting marginalized communities throughout Greater Los Angeles." *See id.* ¶ 16. Defendant People Organized for Westside Renewal ("POWER")—also a nonprofit—collaborated with GGLA in promoting and operating the platform. *See id.* ¶¶ 6, 16.

After working with GGLA for a period of time, Plaintiffs' relationship with GGLA soured. In March 2024, they requested a formal separation from the organization and asset transfer agreement concerning their works. *See id.* ¶ 21. No agreement was reached, and Plaintiffs allege that GGLA subsequently restricted their access to the Knock LA platform while continuing to display their work. *See id.* ¶ 24. What began as a professional breakdown between independent contributors and their nonprofit publisher has now escalated into a copyright lawsuit targeting not only the publishers, but also grant funders who had no role in posting or managing the disputed content.

One such funder is The California Endowment ("TCE"), a charitable foundation that, according to the Complaint, awarded grants totaling $125,000 to support Knock LA in fiscal year 2023. *See id.* ¶ 21. Those grants were accompanied by routine reporting requirements for the grantees to account for how the funds were used. *See id.* ¶ 16. Plaintiffs do not allege that TCE created, reproduced, published, or controlled any of the content at issue, nor do they claim it played any role in Knock LA's editorial decisions or day-to-day operations. Instead, Plaintiffs seek to hold TCE liable simply because it funded Knock LA's work through POWER. *See id.* ¶ 21.

1      Even as to the actual publishers, the Complaint confirms that a substantial
2 portion of the content at issue was taken down following Plaintiffs' notice. *See id.*
3 ¶ 24. According to the Complaint, 7 of Mr. Camacho's 23 works—nearly one-
4 third—were removed from public view and remain accessible only through his
5 private journalist login. *See id.* ¶ 19. Although Plaintiffs contend that some content
6 remains online, the pleadings confirm that the primary actors responded to the
7 takedown demands. TCE, which neither hosted nor controlled any of the disputed
8 materials, had no role in these events beyond providing funding in support of
9 GGLA's nonprofit mission. *See id.* ¶¶ 21, 28.

## III. LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007). A plaintiff must thus allege facts that consist of "more than a sheer possibility defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must contain "more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* While a court must accept the allegations of the complaint as true and construe the pleading in the light most favorable to the plaintiff, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (citations omitted).

-3-
DEFENDANT THE CALIFORNIA ENDOWMENT'S                    2:25-cv-3795-MRA-JDEx
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPA

When amendment of a complaint would be futile, as it would be here, it is appropriate for the district court to dismiss the complaint with prejudice. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

## IV.	ARGUMENT

Plaintiffs' claims for contributory and vicarious copyright infringement fail as a matter of law because the Complaint does not plausibly allege that TCE materially contributed to the alleged infringement, exercised control over it, or received any direct financial benefit from it.

### A.	Plaintiffs Fail to State a Claim Against TCE for Contributory Copyright Infringement.

To plead contributory infringement, a plaintiff must allege that the defendant (1) knew of the underlying direct infringement and (2) induced, caused, or materially contributed to it. *Perfect 10*, 494 F.3d at 795; *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). In an Internet context, contributory liability requires that the defendant "engage[ ] in personal conduct that encourages or assists the infringement." *Perfect 10*, 494 F.3d at 795. Even assuming TCE came to know of the alleged infringement (by Plaintiffs' alleged notices), the Complaint contains no facts showing that TCE materially contributed to the copying, display or dissemination of Plaintiffs' works.

The Ninth Circuit's decision in *Perfect 10* is instructive. There, the court held that credit card companies who processed payments for infringing websites did not materially contribute to infringement because they had "no direct connection" to the infringing acts. *Id.* at 796. Although the credit card companies' services arguably made infringement more profitable, the court concluded that infringement "can occur without payment," and therefore their conduct was too remote. *Id.* at 796–97. The same is true here. Plaintiffs do not allege that TCE hosted, distributed, or promoted their works, nor that it had any role in operating the websites accused of infringement. TCE's alleged role—providing grant

-4-

1  funding to independent advocacy organizations—is no more connected to the act
2  of infringement than Visa's payment processing was in *Perfect 10*. In both cases,
3  the infringement can occur entirely without the defendant's involvement.
4       *Shelter Capital* only reinforces this conclusion. There, the Ninth Circuit
5  affirmed the dismissal of contributory infringement claims against venture capital
6  firms who invested in a platform (Veoh) accused of copyright infringement. 718
7  F.3d at 1032–33 ("funding alone cannot satisfy the material assistance
8  requirement"). Despite allegations that the investors sat on Veoh's board, the court
9  found no contributory liability because the plaintiffs failed to plead facts showing
10 the investors personally engaged in conduct that materially contributed to the
11 infringement. 718 F.3d at 1032–33. If holding board seats and investing in a
12 business that directly hosted large amounts of infringing content is insufficient to
13 establish contributory liability, then Plaintiffs' theory here—based solely on
14 charitable grant funding with standard compliance reporting—plainly fails.
15      To the extent Plaintiffs suggest that TCE "enabled" the infringement by
16 allegedly continuing to fund POWER, that argument was expressly rejected in
17 *Perfect 10*. The Ninth Circuit made clear that merely continuing to do business
18 with a known infringer does not establish liability. *Perfect 10*, 494 F.3d at 800
19 (rejecting argument that defendants were contributory infringers because they
20 could have refused to process payments to the infringing websites). Even if a
21 defendant's services may "make it easier" for infringement to be profitable, this is
22 not a basis for liability. *See id.* at *797*; *see also Napster*, 239 F.3d at 1021
23 (contributory liability requires "personal conduct that encourages or assists the
24 infringement").
25      Because Plaintiffs do not allege any facts showing that TCE played an
26 active role in furthering or facilitating the infringing conduct, the contributory
27 infringement claim should be dismissed.
28 / / /

DEFENDANT THE CALIFORNIA ENDOWMENT'S                2:25-cv-3795-MRA-JDEx
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPA

### B. Plaintiffs Fail to State a Claim Against TCE for Vicarious Copyright Infringement.

Plaintiffs' vicarious liability claim is equally defective. Vicarious liability requires that the defendant (1) has the right and ability to supervise the direct infringement, and (2) derives a direct financial benefit from it. *See Perfect 10*, 494 F.3d at 802; *A&M Records, Inc. v. Napster*, 239 F.3d 1004, 1022 (9th Cir. 2001). The Complaint satisfies neither prong.

First, there are no plausible allegations that TCE had the right or ability to supervise or control the alleged infringing acts. The Complaint does not allege that TCE had access to or editorial authority over the infringing content, or that it could remove, block or modify it. Rather, it alleges only that TCE imposed grant reporting obligations on its grantee—requirements common to nearly all charitable giving. Compl. ¶ 16.

The Ninth Circuit has held that the ability to withdraw funding, terminate service, or impose conditions does not constitute the kind of control necessary for vicarious liability. In *Perfect 10*, even though the defendants could terminate their payment processing relationship with infringing websites, the court held that did not amount to control over the infringing conduct itself. 494 F.3d at 804 ("the ability to exert financial pressure does not give Defendants the right or ability to control the actual infringing activity at issue in this case.").

Likewise, in *Shelter Capital*, the Ninth Circuit rejected the argument that the investors' roles as board members and their general oversight of Veoh's operations supported vicarious liability. 718 F.3d at 1032. The court affirmed the district court's finding that such involvement was both legally and customarily expected of corporate directors and did not establish the requisite "right and ability to supervise" the alleged infringing activity. *Id.* at 1013, 1031–32. The court found that the investors' board seats and financial oversight—without specific allegations of jointly directing infringement or influencing user conduct—fell far short of the

1   direct supervisory authority required for vicarious liability. *Id.*

2   Second, the Complaint fails to allege that TCE received any direct financial benefit from the alleged infringement. TCE is a charitable foundation; its grant was not commercial, and it did not monetize or profit from the use of Plaintiffs' works. The Complaint offers no plausible allegation that TCE received any material benefit directly tied to the allegedly infringing content. To the contrary, TCE is accused of providing funds to the infringers, which is the opposite of deriving a financial benefit.

In *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 263–264 (9th Cir. 1996), cited by Plaintiffs, the Ninth Circuit sustained vicarious liability allegations against the operator of a swap meet where vendors openly sold pirated recordings. The court emphasized that the defendant exercised substantial control over the physical premises—it promoted the event, controlled customer access, and had the unrestricted right to remove any vendor—and directly profited from the infringing activity through admission fees, parking fees, concession sales, and booth rentals. *Id.* at 262–64. The court explicitly analogized the venue to a dance hall whose draw was the infringing activity itself. *Id.* at 264. By contrast, The California Endowment is a remote third-party funder. It is not alleged to have hosted or directly profited from the content in question, nor did it control the platforms where the works appeared. TCE's only alleged involvement—awarding grants with standard reporting requirements—lacks any connection to customer-facing conduct or revenue, let alone the kind of direct involvement and financial benefit that supported liability in *Fonovisa*.

Finally, imposing vicarious liability on these facts would represent an unwarranted and dangerous expansion of the doctrine. Under Plaintiffs' theory, any institutional funder of a nonprofit could be held liable for the organization's independent editorial decisions—even absent any control over the alleged conduct or any financial benefit. Charitable organizations like TCE should not be exposed

-7-

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

to liability for the actions of independent grantees solely because they provided funding. Extending liability in this way would chill philanthropic giving, deter support for nonprofit media, and penalize foundations for conduct beyond their control. Such a result would be at odds with basic principles of fairness and the broader public interest.

Because the Complaint fails to allege either control or benefit, the vicarious copyright infringement claim against TCE should be dismissed.

## V. CONCLUSION

For all these reasons, Defendant The California Endowment respectfully requests that the Court grant the Motion to Dismiss Plaintiffs' Complaint as to all claims against The California Endowment with prejudice.

Respectfully submitted,

Dated: June 4, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Hazel Mae B. Pangan*
Hazel Mae B. Pangan
Attorneys for Defendant
THE CALIFORNIA ENDOWMENT

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT THE CALIFORNIA ENDOWMENT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by CM/ECF system. All other parties will be served by email and regular U.S. Mail by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed to the person(s) at the address(es) set forth below as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP.

| | |
|---|---|
| Almuhtada Smith<br>ARS COUNSEL, P.C.<br>515 S. Flower Street, 18th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 293-3565<br>Email: asmith@arscounsel.com | *Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the United State of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **June 4, 2025** at San Diego, California.

_R. Meza_
Rebeca Meza